1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

7   RICARDO CASTILLO, individually and on
    behalf of all others similarly situated,
8                                                    NO.
9                            Plaintiff,              **CLASS AND COLLECTIVE ACTION**
                                                     **COMPLAINT**
10       vs.
                                                     **JURY TRIAL DEMANDED**
11   UNITED RENTALS (NORTH AMERICA),
     INC.,
12
13                           Defendant.

14          Plaintiff Ricardo Castillo, on behalf of himself and all others similarly situated

15  ("Plaintiff"), by and through his attorneys, brings this lawsuit against Defendant United Rentals

16  (North America), Inc. ("United Rentals" or "Defendant"), seeking to recover for Defendant's

17  violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA") and

18  applicable Washington wage and hour laws.

19                          **I.  INTRODUCTION**

20          1.      Plaintiff brings this class and collective action on behalf of himself and other

21  similarly situated individuals who currently work or have worked for Defendant as non-

22  exempt, hourly employees, including but not limited to Equipment Associates to challenge

23  Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"),

24  the Washington Minimum Wage Act, Revised Code of Washington 49.46 *et seq.* ("WMWA"),

25  and other laws of the State of Washington.

26
27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

CLASS AND COLLECTIVE ACTION COMPLAINT - 1

2.      Plaintiff and members of the putative Class and Collective are current and former non-exempt employees who worked for United Rentals throughout the United States, including in Washington.  Plaintiff seeks to represent other current and former non-exempt employees who work or worked for Defendant as hourly non-exempt employees. Defendant's unlawful patterns, practices, and conduct described herein applies broadly to members of the Collective and Class, in violation of the FLSA and Washington laws.

3.      Specifically, Plaintiff pursues claims as follows:  (1) failing to compensate Plaintiff and putative  Collective members with minimum and overtime wages as required by the FLSA; (2) failing to pay Plaintiff and the Class minimum wages as required by the WMWA; (3) failing to pay Plaintiff and the Class overtime wages as required by the WMWA; (4) failing to authorize and permit Plaintiff and the Class to take meal and rest breaks to which they are entitled under Washington law; (5) failing to pay all wages due upon termination as required under Washington law; (6) willfully refusing to pay wages owed under Washington law; and (7) violating Washington's Consumer Protection Act, RCW §§ 19.86 *et seq.*

4.      Plaintiff and putative Class and Collective members provide support and carry out United Rentals' operations.  Among other tasks, Plaintiff and putative Class and Collective members are responsible for:  taking inventory; preparing rental equipment for delivery; performing routine checks on rental equipment to ensure it is safe and in good working order; fixing rental equipment; suggesting equipment and supplies to meet customer needs; loading and unloading rental equipment, driving trucks and transporting equipment.

5.      Plaintiff and putative Class and Collective members regularly work over ten hours per day, five days per week.  Plaintiff and the putative Class and Collective members are not paid minimum wage for all hours worked, nor are Plaintiff and the putative Class and Collective members compensated with the required overtime rates for all hours worked above forty per week.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

6.      Despite their long shifts, Plaintiff and putative Class and Collective members are routinely unable to take compliant meal and rest periods.  Work performed during meal periods by Plaintiff and putative Class and Collective members typically goes uncompensated.

7.      Although Plaintiff and putative Class and Collective members are generally prevented from taking legally compliant meal breaks, it is United Rental's uniform policy to deduct a half-hour of meal period from Plaintiff and putative Class and Collective members' pay.

8.      As a result of these violations, Plaintiff seeks compensation, damages, penalties, and interest to the full extent permitted by the FLSA, WMWA, and other laws of the state of Washington.

9.      Plaintiff also seeks declaratory, equitable, and injunctive relief, including restitution.

10.     Finally, Plaintiff seeks reasonable attorneys' fees and costs under the FLSA, WMWA, and other laws of the State of Washington.

## II.  JURISDICTION AND VENUE

11.     The FLSA authorizes private rights of action to recover damages for violation of the FLSA's wage and hour provisions, 29 U.S.C. § 216(b).  This Court has original jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331 because Plaintiff's claims arise under the FLSA.  The Court also has jurisdiction under 28 U.S.C. § 1332(a)(1), because the amount in controversy in this action exceeds $75,000, exclusive of interests and costs, and because the parties are residents of different states.

12.     This Court has supplemental jurisdiction over the Washington state law claims under 28 U.S.C. § 1367(a) because these claims are so related to this action that they form part of the same case or controversy.

13.     Venue in this district is proper pursuant to 28 U.S.C. §1391(b), because United Rentals employs Class members and conducts business within the geographic area

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

encompassing the Western District of the State of Washington, and a substantial part of the acts and/or omissions giving rise to the claims occurred in this District.

### III. PARTIES

14.     Plaintiff and the putative Class and Collective members are current and former non-exempt, hourly employees who work and formerly worked for United Rentals as Equipment Associates, among other positions, throughout the United States and in Washington.

15.     Plaintiff is an individual over the age of eighteen, and at all times mentioned in this Complaint was a resident of Washington.

16.     Plaintiff worked as an Equipment Associate for United Rentals from February 2, 2002, until December 2016.  At all relevant times, Plaintiff worked at United Rentals' store in Woodinville, Washington.

17.     Plaintiff is informed and believes that United Rentals is a corporation engaged in the business of equipment rentals.  United Rentals is headquartered in Stamford, Connecticut, and is incorporated in Delaware.  Plaintiff is further informed, believes, and alleges that United Rentals employs other non-exempt, hourly employees throughout the United States, including in Washington.

18.     At all relevant times, United Rentals has done business under the laws of Washington, has places of business in the State of Washington, including in this judicial district, and has employed Putative Class and Collective members in this judicial district. United Rentals has been Plaintiff's "employer" as that term is used in the FLSA, WMWA, and other laws of the state of Washington.

### IV. FACTUAL ALLEGATIONS

19.     United Rentals is a corporation engaged in the business of equipment rentals and transportation.  United Rentals operates stores throughout the United States, including in Washington.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

20.     To conduct its operations, United Rentals maintains a corporate structure in which there are various groups that handle specific subsets of tasks within the company.  The groups and departments are largely staffed by non-exempt, hourly employees that handle a variety of tasks.  This operation structure is uniform and standardized throughout United Rentals' operations.  The employment conditions for the non-exempt, hourly employees are substantially similar, if not identical, at United Rentals' work locations throughout United States, including in Washington.

21.     Plaintiff worked for United Rentals as a non-exempt, hourly Equipment Associate from February 2, 2002, until December 2016.

22.     Plaintiff was classified as a non-exempt, hourly employee and was paid an hourly rate for his services.  Plaintiff usually earned $22.25 per hour.  Plaintiff worked at United Rentals' store in Woodinville, Washington.

23.     Plaintiff and putative Class and Collective members are typically scheduled to work over ten hours a day, five days per week.  Despite this demanding work schedule, Plaintiff and putative Class and Collective members are often denied compensation for all hours worked, including overtime for work in excess of forty hours per week.

24.     United Rentals requires Plaintiff and putative Class and Collective members to clock in and out at the beginning and end of their scheduled shifts.  However United Rentals requires them to perform significant work off-the-clock and without compensation during meal periods. United Rentals regularly deducts thirty minutes per workday for meal periods, or alters the timekeeping records to show a thirty-minute meal period, despite the fact that work is too demanding to allow Plaintiff, putative Class and Collective members to take full, legally compliant thirty-minute meal periods.  Because non-exempt, hourly employees regularly work through their thirty minute lunch period, Plaintiff and putative Class and Collective members routinely perform this work off-the-clock and without compensation.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1       25.     On the occasions when Plaintiff and putative Class and Collective members are able to take a meal break, these breaks are often interrupted and are less than thirty minutes. United Rentals routinely schedules Plaintiff and putative Class and Collective members to work at its stores alone, and requires hourly employees to abandon their breaks to assist customers who call or arrive at the store. Meal periods are regularly interrupted, and Plaintiff and putative Class and Collective members do not receive compensation for work performed during these breaks.

26.     Furthermore, the pace of the work is too demanding to allow Plaintiff and putative Class and Collective members to regularly take full, timely, legally compliant rest breaks. Even when Plaintiff and putative Class and Collective members are provided with a rest break, supervisors and customers often interrupt these breaks.

27.     United Rentals also has a policy of disallowing Plaintiff and putative Class and Collective members from leaving the store during meal and rest breaks. Hourly employees must remain on-call to assist customers or co-workers during these breaks, and do not receive compensation for this work.

28.     Beyond United Rentals' failure to authorize or permit meal and rest breaks, Plaintiff and putative Class and Collective members' schedules were too busy, and United Rentals' pressure to complete job assignments, including waiting on customers and taking customer calls, was too constant, for the employees to take meal or rest breaks. As a result, the time worked by the employees goes unrecorded and uncompensated. Further, Defendant fails to pay Plaintiff and putative Class and Collective members for their missed breaks. This uniformly violates Washington law.

29.     Plaintiffs and the Collective and Class experience a number of derivative issues from the wage and hour practices, including but not limited receiving incorrect wage statements. Wage statements do not accurately reflect the actual hours worked.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

CLASS AND COLLECTIVE ACTION COMPLAINT - 6

30.     Because Plaintiffs and the Collective and Class are systematically deprived of the wages to which they are due and entitled, Plaintiffs and members of the Class and Collective also do not receive all pay owing to them at the end of their employment. Compensation for off-the-clock work, overtime, and missed breaks remain outstanding after termination.

## V.  COLLECTIVE ALLEGATIONS UNDER THE FLSA

31.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

32.     Plaintiff brings the First Count (the FLSA claim) as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of a proposed collective of similarly situated employees defined as:

> All current and former non-exempt, hourly employees of United Rentals who worked in the United States, at any time beginning three years before the filing of this Complaint until the resolution of this action.

33.     Plaintiff, individually and on behalf of other similarly situated persons defined above, seeks relief on a collective basis challenging Defendant's policy and practice of failing to accurately record all hours worked, and failing to properly pay Plaintiff for all hours worked, including minimum wage and overtime.  The number and identity of other similarly situated persons yet to opt-in and consent to be party-plaintiffs may be determined from the records of Defendant, and potential opt-ins may be easily and quickly notified of the pendency of this action.

34.     Plaintiff's claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 216(b) of the FLSA, because Plaintiff's FLSA claims are similar to the claims of the members of the Collective.

35.     The members of the Collective are similarly situated, as they have substantially similar job duties and requirements and are subject to a common policy, practice, or plan that

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  requires them to perform work "off-the-clock" and without compensation in violation of the
2  FLSA.

3        36.    Plaintiff is representative of the members of the Collective and is acting on
4  behalf of their interests, as well as Plaintiff's own interests, in bringing this action.

5        37.    Plaintiff will fairly and adequately represent and protect the interests of the
6  members of the Collective.  Plaintiff has retained counsel competent and experienced in
7  employment and wage and hour class action and collective action litigation.

8        38.    The similarly situated members of the Collective are known to Defendant, are
9  readily identifiable, and may be located through Defendant's records.  These similarly situated
10  employees may readily be notified of this action, and allowed to "opt-in" to this case pursuant
11  to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid
12  wages, unpaid overtime compensation, liquidated damages (or, alternatively, interest), and
13  attorneys' fees and costs under the FLSA.

14  **VI.  CLASS ACTION ALLEGATIONS**

15        39.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set
16  forth herein.

17        40.    Plaintiff brings the Second through Seventh Counts (the Washington state law
18  claims) as an "opt-out" class action pursuant to Federal Rule of Civil Procedure 23.  The
19  Washington Class is initially defined as:

20
21  > All current and former non-exempt, hourly employees of United
> Rentals in Washington during the time period three years prior to
> the filing of this Complaint until the resolution of this action.

22        41.    Plaintiff proposes that this case should be maintained as a class action under
23  Federal Rule of Civil Procedure 23 because it meets the requirements of Rule 23(a) and also
24  satisfies Rule 23(b)(3).  Plaintiff also believes this case could be certified under Rule 23(b)(1),
25  23(b)(2), and 23(c)(4).  Without prejudice to raising alternative arguments for certification
26
27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  under either Rule 23(b)(1), 23(b)(2) and 23(c)(4), the following facts, among others,

2  demonstrate that this case is entitled to be maintained under Rule 23(a) and 23(b)(3).

3        42.  **Numerosity**:  Defendant has employed potentially thousands of non-exempt,

4  hourly employees during the applicable statutory period. The number of Class members are

5  therefore far too numerous to be individually joined in this lawsuit.

6        43.  **Existence and Predominance of Common Questions**:  There are questions of

7  law and fact common to Plaintiff and the Class that predominate over any questions affecting

8  only individual members of the Class.  These common questions of law and fact include,

9  without limitation:

10        a.  Whether Defendant fails to authorize and permit, make available, and/or provide

11  the Class meal periods to which they are entitled in violation of the Revised Code of

12  Washington ("RCW");

13        b.  Whether Defendant fails to authorize and permit, make available, and/or provide

14  the Class rest periods to which they are entitled in violation of the RCW;

15        c.  Whether Defendant fails to compensate the Class for all hours worked, including

16  minimum wages and overtime compensation, in violation of the Washington Minimum Wage

17  Act ("WMWA") and the RCW;

18        d.  Whether Defendant has a policy and/or practice of requiring the Class to perform

19  work off-the-clock and without compensation;

20        e.  Whether Defendant fails to pay the members of the Class all wages due upon the

21  end of their employment in violation of the RCW; and

22        f.  The proper formula for calculating restitution, damages, and penalties owed to

23  Plaintiffs and the Class as alleged herein.

24        44.  **Typicality**:  Plaintiff's claims are typical of the claims of the Class.

25  Defendant's common policies, practices, and course of conduct in violation of law as alleged

26

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  herein have caused Plaintiff to sustain the same or similar injuries and damages.  Plaintiff's

2  claims are thereby representative of and co-extensive with the claims of the Class.

3      45.    **Adequacy**:  Plaintiff will fairly and adequately represent and protect the

4  interests of the Class because Plaintiff's interests do not conflict with the interests of the

5  members of the Class he seeks to represent.  Plaintiff has retained Counsel competent and

6  experienced in complex employment and wage and hour class action litigation, and intends to

7  prosecute this action vigorously.  Plaintiff and his Counsel will fairly and adequately protect

8  the interests of the Class.

9      46.    **Superiority**:  A class action is superior to other available means for the fair and

10  efficient adjudication of this controversy.  Individual joinder of all members of the Class is not

11  practicable, and questions of law and fact common to Plaintiff and the Class predominate over

12  any questions affecting only individual members of the Class.  The injury suffered by each

13  Putative Class Member, while meaningful on an individual basis, is not of such magnitude as to

14  make the prosecution of individual actions against Defendant economically feasible.

15  Individualized litigation increases the delay and expense to all Parties and the Court.  By

16  contrast, class action treatment will allow those similarly situated persons to litigate their

17  claims in the manner that is most efficient and economical for the parties and the judicial

18  system.

19      47.    In the alternative, the Class may be certified because the prosecution of separate

20  actions by the individual members of the Class would create a risk of inconsistent or varying

21  adjudication with respect to individual members of the Class, and, in turn, would establish

22  incompatible standards of conduct for Defendant.

23      48.    Class treatment will allow those similarly situated persons to litigate their claims

24  in the manner most efficient and economical for the Parties and the judicial system.

25      49.    Plaintiff knows of no difficulty that would be encountered in the management of

26  this litigation that would preclude its maintenance as a class action.

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

CLASS AND COLLECTIVE ACTION COMPLAINT - 10

50.     Plaintiff intends to send notice to all members of the Class to the extent required under applicable class action procedures. Plaintiff contemplates providing a notice or notices to the Washington Class, as approved by the Court, to be delivered through the United States mail. The notice or notices shall, among other things, advise the Washington Class that they shall be entitled to "opt out" of the class certified for the Washington Action if they so request by a date specified within the notice, and that any judgment on the Washington Action, whether favorable or not, entered in this case will bind all members of the Class except those who affirmatively exclude themselves by timely opting out.

## VII.  FIRST CAUSE OF ACTION
### Violation of the Fair Labor Standards Act (29 U.S.C. §§ 201, *et seq.*)
### (Against Defendant – on Behalf of the Collective)

51.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

52.     The FLSA requires that covered employees receive compensation for all hours worked and overtime compensation not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a work week.  29 U.S.C. § 207(a)(1).

53.     At all times material herein, Plaintiff and the Collective are covered employees entitled to the rights, protections, and benefits provided under the FLSA. 29 U.S.C. §§ 203(e) and 207(a).

54.     Defendant is a covered employer required to comply with the FLSA's mandates.  *See* 29 U.S.C. § 203(d); 29 C.F.R. § 552.109(a).

55.     Defendant has violated the FLSA with respect to Plaintiff and the Collective, by, *inter alia,* failing to compensate Plaintiff and the Collective for all hours worked and, with respect to such hours, failing to pay the legally mandated overtime premium for such work and/or minimum wage.  *See* 29 U.S.C. § 206; 29 C.F.R. § 531.35; 29 U.S.C. § 207 (a), (g).

56.     Defendant has also violated the FLSA by failing to keep required, accurate records of all hours worked by Plaintiff and the Collective.  29 U.S.C. § 211(c).

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

57.     Plaintiff and the Collective are victims of a uniform and company-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to current and former non-exempt, hourly employees of Defendant, working throughout the United States.

58.     Plaintiff and the Collective are entitled to damages equal to the mandated pay, including minimum wage, straight time, and overtime premium pay within the three years preceding the filing of the complaint, plus periods of equitable tolling, because Defendant has acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA.

59.     Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay and/or prejudgment interest at the applicable rate.  29 U.S.C. § 216(b).

60.     As a result of the aforesaid violations of the FLSA's provisions, pay, including minimum wage, straight time, and overtime compensation, has been unlawfully withheld by Defendant from Plaintiff and the Collective.  Accordingly, Defendant is liable for unpaid wages, together with an amount equal as liquidated damages, attorneys' fees, and costs of this action.

61.     Wherefore, Plaintiff and the Collective request relief as hereinafter provided.

### VIII.  SECOND CAUSE OF ACTION
#### Failure to Pay Minimum Wage
#### RCW 49.46.090, RCW 49.12.150
#### (Against Defendant – on Behalf of the Class)

62.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

63.     As detailed above, United Rentals failed to compensate Plaintiff and the Class with at least the minimum wage for all hours worked.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

64.     During the applicable statutory period, RCW 49.46.020(1)(a) was in full force and effect and required that Plaintiff and the Class receive the minimum wage for all hours worked at the rate of nine dollars thirty-two cents ($9.32) per hour commencing January 1, 2014, at the rate of nine dollars forty-seven cents ($9. 47) per hour commencing January 1, 2015, and at the rate of eleven dollars ($11.00) per hour commencing January 1, 2017.

65.     Washington Administrative Code ("WAC") 296-126-002 defines hours worked as "all hours during which the employee is authorized or required by the employer to be on duty on the employer's premises or at a prescribed work place.

66.     RCW 49.46.090(1) provides, in relevant part:

> Any employer who pays any employee less than the amounts to which such employee is entitled under or by virtue of this chapter, shall be liable to such employee affected for the full amount due to such employee under this chapter, less any amount actually paid to such employee by the employer, and for costs and such reasonable attorney's fees as may be allowed by the court.

67.     RCW 49.12.150 also provides:

> If any employee shall receive less than the legal minimum wage, except as hereinbefore provided in RCW 49.12.110, said employee shall be entitled to recover in a civil action the full amount of the legal minimum wage as herein provided for, together with costs and attorney's fees to be fixed by the court, notwithstanding any agreement to work for such lesser wage. In such action, however, the employer shall be credited with any wages which have been paid upon account.

68.     RCW 49.48.030 allows the court to grant reasonable attorney's fees "[i]n any action in which any person is successful in recovering judgment for wages or salary owed" to him or her.

69.     Because of Defendant's policies and practices with regard to compensating Plaintiff and the Class, United Rentals has failed to pay minimum wages as required by law. Plaintiff and the Class frequently perform work for which they are compensated below the statutory minimum.

CLASS AND COLLECTIVE ACTION COMPLAINT - 13

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

70.     Plaintiff and the Class have been deprived of minimum wages in an amount to be proven at trial, and are entitled to a recovery of such amount, plus interest thereon, attorneys' fees, and costs of suit pursuant to RCW 49.46.090 and 49.48.030.

71.     Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## IX.  THIRD CAUSE OF ACTION
### Failure to Pay Overtime Wages
### RCW 49.46.130
### (Against Defendant – on Behalf of the Class)

72.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

73.     United Rentals does not compensate Plaintiff and the Class at the appropriate overtime rate for work performed in excess of forty hours per week.

74.     RCW 49.46.130(1) provides that work performed in excess of forty hours in a given week must be compensated at a rate of no less than one and one-half times the regular rate of pay for an employee.

75.     Wages are defined in the RCW 49.46.010(7) as "compensation due to an employee by reason of employment, payable in legal tender of the United States or checks on banks convertible into cash on demand at full face value, subject to such deductions, charges, or allowances as may be permitted by rules of the director."

76.     All such wages are subject to Washington's overtime requirements, including those set forth above.

77.     RCW 49.46.090(1) provides, in relevant part:

> Any employer who pays any employee less than the amounts to which such employee is entitled under or by virtue of this chapter, shall be liable to such employee affected for the full amount due to such employee under this chapter, less any amount actually paid to such employee by the employer, and for costs and such reasonable attorney's fees as may be allowed by the court.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

78.     RCW 49.48.030 allows the court to grant reasonable attorney's fees "[i]n any action in which any person is successful in recovering judgment for wages or salary owed" to him or her.

79.     United Rentals regularly required Plaintiff and the Class to work in excess of forty hours per week, but did not compensate them at an overtime rate for all of this work. Furthermore, as detailed above, Defendant routinely required Plaintiff and putative Class members to work, off the clock, which increased the amount of overtime compensation to which they were due, but did not receive.

80.     Plaintiff and the Class have worked overtime hours for United Rentals without being paid overtime premiums in violation of the WMWA, and other applicable laws of the state of Washington.

81.     United Rentals has knowingly and willfully refused to perform its obligation to compensate Plaintiff and the Class for all premium wages for overtime work.

82.     As a proximate result of the aforementioned violations, United Rentals has damaged Plaintiff and the Class in amounts to be determined according to proof at time of trial.  Plaintiff and the Class are entitled to recover overtime wages owed, including interest thereon, and attorneys' fees and costs pursuant to RCW 49.46.090 and 49.48.030.

83.     Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**X.  FOURTH CAUSE OF ACTION**
**Failure to Authorize and Permit and/or Make Available Meal and Rest Breaks**
**RCW 49.12.020**
**(Against Defendant – on Behalf of the Class)**

84.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

85.     RCW 49.12.010 provides:

The welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health.  The state of Washington, therefore, exercising herein its police and sovereign power declares that

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

inadequate wages and unsanitary conditions of labor exert such pernicious effect.

86.     RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

87.     Pursuant to RCW 49.12.005(5) and WAC 296-126-002(9), conditions of labor "means and includes the conditions of rest and meal periods" for employees.

88.     WAC 296-126-092 provides:

(1) Employees shall be allowed a meal period of at least thirty minutes which commences no less than two hours nor more than five hours from the beginning of the shift. Meal periods shall be on the employer's time when the employee is required by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer.

(2) No employee shall be required to work more than five consecutive hours without a meal period.

(3) Employees working three or more hours longer than a normal work day shall be allowed at least one thirty-minute meal period prior to or during the overtime period.

(4) Employees shall be allowed a rest period of not less than ten minutes, on the employer's time, for each four hours of working time. Rest periods shall be scheduled as near as possible to the midpoint of the work period. No employee shall be required to work more than three hours without a rest period.

(5) Where the nature of the work allows employees to take intermittent rest periods equivalent to ten minutes for each 4 hours worked, scheduled rest periods are not required.

89.     Plaintiff and the Class are routinely required to work through rest and meal periods to assist customers and managers with work-related inquiries.  When Plaintiff and the Class do receive a meal or rest break, these breaks are untimely, shortened and/or are on duty. United Rentals requires non-exempt, hourly employees to be on-call during meal and rest breaks, and does not relieve employees of all work-related obligations during these breaks.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Despite this, Defendant does not pay additional compensation to employees for their missed rest breaks and regularly deducts 30 minutes per workday for meal periods.  Defendant WAC 296-126-092 with this conduct.

90.     As a result of these unlawful acts, Plaintiff and the Class have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class are entitled to the recovery of such damages, including interest thereon, and attorneys' fees and costs under RCW 49.48.030.

91.     Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## XI.  FIFTH CAUSE OF ACTION
### Unpaid Wages On Termination (RCW 49.48)
### (Against Defendant – on Behalf of the Class)

92.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

93.     Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act. If the employer fails to do so, RCW 49.46.090 requires that the employer pay the employees the full amount of the statutory minimum wage rate less any amount actually paid to the employee.

94.     By the actions alleged above, Defendant violated the provisions of RCW 49.46.090 and the WMWA by failing to pay any wage whatsoever to its employees when they worked off the clock and/or missed all or part of their breaks and/or had their time records altered to reduce the amount of time for which they were recorded to have worked.

95.     As a result of the unlawful acts of Defendant, Plaintiff has been deprived of regular and overtime compensation in an amount to be determined at trial. Pursuant to RCW 49.46.090 and 49.48.030, Plaintiffs and the Class are entitled to recover attorneys' fees and costs of suit.

96.     Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## XII.  SIXTH CAUSE OF ACTION
**Willful Refusal to Pay Wages (RCW 49.52.050)**
**(Against Defendant – on Behalf of the Class)**

97.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

98.     RCW 49.52.050(2) provides that any employer or agent of any employer who "[w]illfully and with intent to deprive the employee of any party of his wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" shall be guilty of a misdemeanor.

99.     RCW 49.52.070 provides that any employer who violates the foregoing statute shall be liable in a civil action for twice the amount of wages withheld, together with costs of suit and reasonable attorney fees.

100.     An employer's nonpayment of wages is willful and made with intent "when it is the result of knowing and intentional action and not the result of a bona fide dispute as to the obligation of payment." *Wingert v. Yellow Frieght Sys., Inc.* 146 Wash.2d 841, 849 (2002), *quoting Chelan Cnty. Deputy Sheriffs' Ass'n v. Chelan County*, 109 Wash.2d 282, 300 (1987).

101.     United Rentals intentionally failed to pay all wages owed to Plaintiff and the Class, including minimum wage and overtime wages, by requiring Plaintiff and the Class to work during meal and rest periods.   United Rentals knew or should have known that its employment policies violated Washington law, and its failure to pay wages owed to Plaintiff and the Class was "willful" under RCW 49.52.050(2).

102.     Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## XIII.  SEVENTH CAUSE OF ACTION
**Violation of Washington's Consumer Protection Act (RCW 19.86)**
**(Against Defendant – on Behalf of the Class)**

103.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

104.    Defendant engaged in unfair or deceptive acts or practices when it: (i) failed to pay Plaintiff and the Class wages for off-the-clock work; (ii) prevented Plaintiff and the Class from taking rest and meal breaks; (iii) failed to pay Plaintiff and the Class for the periods during which their breaks were interrupted; (iv) failed to pay Plaintiff and the Class for overtime worked; (v) violated RCW 49.46.30; (vi) violated WAC 296-126-023; and (vii) violated WAC 296-126-092.

105.    Defendant's unfair or deceptive acts or practices repeatedly occurred in Defendant's trade or business, injured Plaintiff and impacted the public interest because they injured other persons and had and have the capacity to injure other persons.

106.    As a direct and proximate cause of Defendant's unfair or deceptive acts or practices, Plaintiff and the Class have suffered actual damages, in that Plaintiff and the Class were wrongfully denied the payment of wages, were forced to work off the clock, and were prevented from taking rest and meal breaks.

107.    As a result of Defendants unfair and deceptive practices, Plaintiff and the Class are entitled, pursuant to RCW 19.86.090, to recover treble damages, reasonable attorneys' fees, and costs.

108.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## XIV.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A.    Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the FLSA, WMWA, and other laws of the state of Washington;

B.    For a declaratory judgment that Defendant has violated the FLSA, WMWA, laws of the state of Washington, and public policy as alleged herein;

C.    For preliminary, permanent, and mandatory injunctive relief prohibiting Defendant, its officers, agents, and all those acting in concert with them from committing in the future those violations of law herein alleged;

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   D.  For an equitable accounting to identify, locate, and restore to all current and

2 former employees the wages they are due, with interest thereon;

3   E.  For an order awarding Plaintiff and the Class and Collective members

4 compensatory damages, including lost wages, earnings, and other employee benefits,

5 restitution, and all other sums of money owed to Plaintiff and Class and Collective members,

6 together with interest on these amounts, according to proof;

7   F.  For an order awarding Plaintiff and the Class members civil penalties pursuant

8 to the FLSA and exemplary damages pursuant to Washington law, with interest thereon;

9   G.  For an award of reasonable attorneys' fees as provided by the FLSA, WMWA,

10 laws of the state of Washington, and/or other applicable law;

11   H.  For an award of liquidated damages pursuant to the FLSA;

12   I.  For all costs of suit;

13   J.  For interest on any damages and/or penalties awarded, as provided by

14 applicable law; and

15   K.  For such other and further relief as this Court deems just and proper.

16   RESPECTFULLY SUBMITTED AND DATED this 23rd day of October, 2017.

17

         TERRELL MARSHALL LAW GROUP PLLC

18

19       By: _/s/ Beth E. Terrell, WSBA #40854_
         Beth E. Terrell, WSBA #26759
         Email: bterrell@terrellmarshall.com
20         Jennifer Rust Murray, WSBA #36983
         Email: jmurray@terrellmarshall.com
21         Erika L. Nusser, WSBA #40854
         Email: enusser@terrellmarshall.com
22         936 North 34th Street, Suite 300
         Seattle, Washington 98103-8869
23         Telephone: (206) 816-6603
         Facsimile: (206) 319-5450
24

25

26

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

CLASS AND COLLECTIVE ACTION COMPLAINT - 20

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Carolyn Hunt Cottrell (*Pro Hac Vice Forthcoming*)
Email: ccottrell@schneiderwallace.com
David C. Leimbach (*Pro Hac Vice Forthcoming*)
Email: dleimbach@schneiderwallace.com
SCHNEIDER WALLACE COTTRELL
    KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105

*Attorneys for Plaintiff*

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com