1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

RICARDO CASTILLO, et al.,

CASE NO. C17-1573JLR

11

Plaintiffs,

ORDER ON MOTION TO
DISMISS

v.

12

13

UNITED RENTALS, INC.,

14

Defendant.

15

## I.    INTRODUCTION

16

Before the court is Defendant United Rentals, Inc.'s ("United Rentals") motion to

17

dismiss Plaintiff Ricardo Castillo's class and collective actions claims in their entirety.

18

(MTD (Dkt. # 16).)  The court has considered the motion, the parties' submissions in

19

support of and in opposition to the motion to dismiss, the relevant portions of the record,

20

and the applicable law.  No party has requested oral argument.  (*See* MTD; Resp. (Dkt.

21

# 19).)  Being fully advised, the court GRANTS in part and DENIES in part United

22

Rentals's motion to dismiss.

## II.    BACKGROUND

Mr. Castillo brings a class and collective action on behalf of current and former employees of United Rentals, asserting various wage and hour claims under federal and state law.  (*See generally* Compl. (Dkt. # 1).)  United Rentals is a company that rents various equipment.  (*Id.* ¶¶ 17, 19.)  Mr. Castillo, and other putative class and collective members, worked as Equipment Associates for United Rentals.  (*Id.* ¶ 16.)  Equipment Associates perform tasks such as taking inventory, preparing rental equipment for delivery, checking and fixing rental equipment, loading and unloading rental equipment, and resolving other customer needs.  (*Id.* ¶ 4.)  Mr. Castillo worked for United Rentals from February 2, 2002, until December 2016 in Woodinville, Washington.  (*Id.*)  He was classified as a non-exempt, hourly employee and usually earned around $22.25 per hour.  (*Id.* ¶ 22.)

Mr. Castillo primarily challenges United Rentals's wage and hour practices.  Mr. Castillo alleges that Equipment Associates were "typically scheduled to work over ten hours a day, five days per week."  (*Id.* ¶ 23.)  He further alleges that they were "often denied compensation for all hours worked, including overtime for work in excess of forty hours per week."  (*Id.*; *see also id.* ¶ 79 ("United Rentals regularly required [employees] to work in excess of forty hours per week, but did not compensate them at an overtime rate.").)  Employees purportedly received "incorrect wage statements" that did not accurately reflect the hours they worked.  (*Id.* ¶ 29.)  Moreover, United Rentals often required employees to work off-the-clock, which increased the amount of overtime compensation that employees did not receive.  (*Id.* ¶ 79.)

1    Mr. Castillo also brings claims pertaining to United Rentals's denial of meal or

2    rest breaks.  United Rentals allegedly required employees to "perform significant work

3    off-the-clock and without compensation during meal periods."  (*Id.* ¶ 24; *see also id.* ¶ 89

4    ("[Employees] are routinely required to work through rest and meal periods to assist

5    customers and managers with work-related inquiries.").)  Moreover, United Rentals

6    purportedly "deducts thirty minutes per workday for meal periods, or alters the

7    timekeeping records to show a thirty-minute meal period, despite the fact that work is too

8    demanding to allow [employees] to take full, legally compliant thirty-minute meal

9    periods."  (*Id.*)  Thus, employees work off-the-clock and without compensation through

10    their lunch period.  (*Id.*)  Even when employees are able to take a break, Mr. Castillo

11    asserts that the breaks are "often interrupted and less than thirty minutes" because United

12    Rentals requires them to abandon their breaks to assist customers who call or arrive at the

13    store.  (*Id.* ¶ 25.)  This time that the employees work allegedly goes "unrecorded and

14    uncompensated."  (*Id.* ¶ 28.)

15    Based on these practices, Mr. Castillo brings both an opt-in collective action

16    asserting violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and

17    an opt-out class action asserting violations of Washington state law pursuant to Federal

18    Rule of Civil Procedure 23.  (*Id.* ¶¶ 32, 40.)  Specifically, Mr. Castillo alleges that United

19    Rentals:  (1) failed to compensate employees with minimum and overtime wages as

20    required by the FLSA, 29 U.S.C. §§ 201, *et seq.*; (2) failed to pay employees minimum

21    wage as required by the Washington Minimum Wage Act ("WMWA"), RCW §§ 49.46,

22    *et seq.*; (3) failed to pay employees overtime wages as required by the WMWA; (4) failed

1  to permit employees to take meal and rest breaks; (5) failed to pay all wages due upon

2  termination in violation of RCW 49.46.090; (6) willfully refused to pay wages owed in

3  violation of RCW 49.52.050; and (7) violated the Washington Consumer Protection Act

4  ("CPA"), RCW §§ 19.86, *et seq.*, through its unfair and deceptive wage practices.

5  (Compl. ¶ 3.)  United Rentals moves to dismiss all of Mr. Castillo's claims for failure to

6  state a claim.  (*See* MTD.)  The court now addresses the motion.

7                                  **III.    ANALYSIS**

8          United Rentals moves to dismiss all of Mr. Castillo's claims for three reasons.

9  (MTD at 1.)  First, United Rentals argues that Mr. Castillo's FLSA and state law claims

10  regarding minimum wage and overtime pay violations consist entirely of conclusory

11  allegations and thus fail to meet the pleading standard set by the Ninth Circuit in *Landers*

12  *v. Quality Communications, Inc.*, 771 F.3d 638 (9th Cir. 2014).  (*Id.* at 5-8.)  Second,

13  United Rentals contends that Mr. Castillo's CPA claim independently fails as a matter of

14  law, as a CPA claim cannot rest solely on alleged wage-and-hour violations.  (*Id.* at

15  8-10.)  Third, United Rentals argues that Mr. Castillo's requests for injunctive and

16  declaratory relief must be dismissed because he, as a former employee, lacks standing to

17  seek such relief.  (*Id.* at 10-11.)

18          In response, Mr. Castillo concedes that he cannot seek injunctive or declaratory

19  relief and agrees that these requested remedies must be dismissed.  (Resp. at 1 n.1.)

20  Thus, the court dismisses Mr. Castillo's requests for injunctive and declaratory relief.

21  However, Mr. Castillo maintains that he has adequately stated a claim for which relief

22  //

1   can be granted.  (*See generally* Resp.)  The court reviews the relevant legal standard on a

2   motion to dismiss before turning to the adequacy of Mr. Castillo's claims.

3   **A.    Legal Standard**

4          Dismissal for failure to state a claim "is proper if there is a lack of a cognizable

5   legal theory or the absence of sufficient facts alleged under a cognizable legal theory."

6   *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (internal quotation

7   marks omitted).  "To survive a motion to dismiss, a complaint must contain sufficient

8   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

9   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

10  544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual

11  content that allows the court to draw the reasonable inference that the defendant is liable

12  for the misconduct alleged."  *Id.*  Although the standard "asks for more than sheer

13  possibility that a defendant has acted unlawfully," it is not "akin to a probability

14  requirement."  *Id.*  Thus, the plausibility requirement "simply calls for enough fact[s] to

15  raise a reasonable expectation that discovery will reveal" liability for the alleged

16  misconduct.  *Twombly*, 550 U.S. at 556.

17         When considering a motion to dismiss under Federal Rule of Civil Procedure

18  12(b)(6), the court construes the complaint in the light most favorable to the nonmoving

19  party.  *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir.

20  2005).  The court must accept all well-pleaded facts as true and draw all reasonable

21  inferences in favor of the plaintiff.  *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135

22  F.3d 658, 661 (9th Cir. 1998).  "Mere conclusory statements" or "formulaic recitation[s]

1   of the elements of a cause of action," however, "are not entitled to the presumption of

2   truth."  *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (citing *Twombly*,

3   550 U.S. at 555).  On a motion to dismiss, the court may consider the pleadings,

4   documents attached to the pleadings, documents incorporated therein, or matters of

5   judicial notice.  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (citing *Van*

6   *Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002)).

7          In *Landers v. Quality Communications, Inc.*, the Ninth Circuit specifically

8   addressed the pleading standard for wage and hour claims.  771 F.3d at 641-42.  *Landers*

9   noted that "[p]re-*Twombly* and *Iqbal*, a complaint under the FLSA for minimum wages or

10  overtime wages merely had to allege that the employer failed to pay the employee

11  minimum wages or overtime wages."  *Id.* at 641.  Post-*Twombly* and *Iqbal*, "at a

12  minimum, a plaintiff asserting a violation of the FLSA overtime provisions must allege

13  that she worked more than forty hours in a given workweek without being compensated

14  for the hours worked in excess of forty hours during that week."  *Id.* at 645.  The Ninth

15  Circuit acknowledged that plaintiffs "cannot be expected to allege 'with mathematical

16  precision,' the amount of overtime compensation owed" because information regarding

17  compensation and scheduling are often "in the control of the defendants."  *Id.*

18  Nonetheless, the plaintiff "should be able to allege facts . . . [regarding] at least one

19  workweek," and thus, the complaint must contain "detail regarding a given workweek

20  when [the plaintiff] worked in excess of forty hours and was not paid overtime for that

21  given workweek and/or was not paid minimum wages."  *Id.* at 646.

22  //

1  **B.    Mr. Castillo's Claims**

2      Mr. Castillo pursues seven claims.  The first three claims involve minimum wage

3  and overtime violations under federal and state law.  (*See* Compl. ¶ 3.)  The fourth claim

4  alleges violations of meal and rest break requirements.  (*Id.*)  The fifth and sixth claims

5  assert other state law violations derivative of his first four claims.  (*See id.* ¶¶ 92-102.)

6  The seventh claim alleges a CPA violation.  The court addresses the claims in turn.

7      1.  Minimum Wage and Overtime Claims

8      Mr. Castillos brings three claims concerning United Rentals's alleged violations of

9  minimum wage and overtime pay laws:  one under the FLSA and two under Washington

10  state law.[1]  The parties sharply disagree on whether *Landers* requires Mr. Castillo to

11  identify a specific calendar week when a violation occurred.  (*Compare* MTD at 5-6, *with*

12  Resp. at 5.)  United Rentals argues that Mr. Castillo fails his burden of alleging even a

13  single week during which he was entitled to, but denied, minimum wage or overtime pay.

14  (MTD at 5; *see also* Reply (Dkt. # 25) at 3.)  Mr. Castillo, on the other hand, asserts that

15  United Rentals's reading of *Landers* is erroneous (Resp. at 13); he maintains that he is

16  not required to identify an exact calendar week or particular instance (*id.* at 5).

17      *Landers* held that "a plaintiff asserting a violation of the FLSA overtime

18  provisions must allege that she worked more than forty hours in a given workweek

19  without being compensated for the hours worked in excess of forty hours during that

20

21  ---
[1] The parties agree that the *Landers* pleading standard applies with equal force to minimum wage and overtime claims brought under state law.  (*See* MTD at 6; Resp. at 4-5); *see*

22  *Bailey v. Alpha Techs. Inc.*, No. C16-0727JCC, 2016 WL 4211527, at *5 (W.D. Wash. Aug. 10, 2016) (applying *Landers* to wage claims brought under state law).

week." 771 F.3d at 645.  The plaintiff in *Landers* alleged that he was subjected to a "piecework no overtime" wage system in which he worked in excess of forty hours per week without overtime compensation.  *Id.* at 640.  Notably missing "was any detail regarding a given workweek when [the plaintiff] worked in excess of forty hours and was not paid overtime for that given workweek and/or was not paid minimum wages."  *Id.* at 646.  Thus, post-*Landers*, courts generally find "mere conclusory allegations," like those asserted by the *Landers* plaintiff, insufficient.  *Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1007 (N.D. Cal. 2016).  For example, claims that "class members 'regularly' or 'regularly and consistently' worked more than 40 hours per week—without any further detail" fall short of the *Landers* standard.  *Id.*

However, district courts disagree about how much more specificity *Landers* requires.  *See id.* (recognizing the "varying and possibly inconsistent standards for stating wage-and-hour claims" in *Landers*'s wake).  Some courts have concluded that "in order to state a[n] [FLSA] claim . . . a plaintiff must specify a particular work week in which they were not paid properly."  *Soratorio v. Testoro Refining & Mktg. Co., LLC*, No. CV 17-1554-MWF (RAOx), 2017 WL 1520416, at *5 (C.D. Cal. Apr. 26, 2017).  Others interpret *Landers* not to "require the plaintiff to identify an exact calendar week or particular instance of denied overtime," but instead to supply allegations that give rise to a plausible inference that there was such a particular instance.[2]  *Tan*, 171 F. Supp. 3d at

---

[2] Because of the murkiness of the law, the court disagrees with Mr. Castillo's characterization of United Rentals's motion as "an unnecessary waste of the [c]ourt's and parties' time and resources."  (*See* Resp. at 1.)  Not only is this rhetoric unnecessary, but it also incorrectly implies that the motion is frivolous.  As evidenced by both parties' briefings, the

1008; *see also Varsam v. Lab. Corp. of Am.*, 120 F. Supp. 3d 1173, 1178 (S.D. Cal. 2015) ("*Landers* does not require that a 'particular instance' be pled.").

The court need not decide the question of whether Mr. Castillo is required to plead a specific calendar week,[3] however, because even adopting Mr. Castillo's standard, the court finds that he has provided only conclusory—and thus, insufficient—allegations. *Rittman v. Amazon.com, Inc.*, No. C16-1554JCC, 2017 WL 881384 (W.D. Wash. Mar. 6, 2017), is instructive. In that case, the plaintiffs—delivery drivers—alleged that employees' expenses frequently caused their hourly wages to fall below the minimum wage level and that while it often took the drivers more time than was scheduled for them to complete their deliveries, they were not compensated for this extra time. *Id.* at *2. The plaintiffs also alleged that they were not paid overtime for hours they worked in excess of 40 hours per week. *Id.* In support of those allegations, they asserted that one plaintiff "regularly worked in excess of 40 hours per week for Amazon from the period January through June of 2016 but was not been paid [sic] one-and-a-half times his regular rate for any overtime hours." *Id.* Despite these factual allegations, the court concluded

---

pleading standard after *Landers* is a complex issue that has been interpreted differently by different courts.

[3] It is unclear whether *Landers* itself resolved this issue. In describing other circuits' reasoning, *Landers* noted that the Third Circuit explicitly "explained that a plaintiff need not identify precisely the dates and times she worked overtime." 771 F.3d at 644. *Landers* expressed that it was "persuaded by the rationale espoused in the . . . Third Circuit cases," *id.*, but subsequently did not address the issue of precise dates and times in its holding. As discussed above, district courts have differing opinions on the import of *Landers*'s description of the Third Circuit case. *Compare Johnson v. Q.E.D. Envtl. Sys., Inc.*, No. 16-cv-1454-WHO, 2016 WL 4658963, at *4 (N.D. Cal. Sept. 7, 2016) (citing the description of Third Circuit case as *Landers*'s holding), *with Soratorio*, 2017 WL 1520416, at *5 (relying on *Landers*'s "given week" language to require plaintiffs to "specify a particular work week").

1  that these claims were insufficient under *Landers* because the plaintiffs did not allege a

2  particular workweek in which any plaintiff did not receive minimum wage or overtime

3  compensation. *Id.*

4  　　Mr. Castillo's allegations here are even more conclusory than the ones pleaded in

5  *Rittmann*. Mr. Castillo repeatedly states that Equipment Associates "regularly work over

6  ten hours per day, five days per week." (Compl. ¶ 5; *see id.* ¶ 23 ("Plaintiff and putative

7  Class Collective members are typically scheduled to work over ten hours a day, five days

8  per week.").) Then, he asserts that they "are not paid minimum wage for all hours

9  worked," nor are they "compensated with the required overtime rates for all hours

10  worked above forty per week." (*Id.* ¶ 5.) Unlike in *Rittman*, Mr. Castillo does not assert

11  any factual details regarding a specific plaintiff's scheduling; instead, class members are

12  lumped together. *See Sanchez v. Ritz Carlton*, No. CV 15-3484 PSG (PJWx), 2015 WL

13  5009659, at *2 (C.D. Cal. Aug. 17, 2015) ("Allegations that speak only to class members

14  generally are insufficient to state a claim."). Indeed, Mr. Castillo's allegations mimic the

15  "mere conclusory allegations that class members 'regularly' or 'regularly and

16  consistently' worked more than 40 hours per week" that courts uniformly reject,

17  including in the cases he relies upon. *See Tan*, 171 F. Supp. 3d at 1007-08; (Resp. at 5).

18  　　At most, Mr. Castillo has included factual allegations that he and other Equipment

19  Associates "regularly" worked over 50 hours a week. (*See* Compl. ¶¶ 5, 23.) But that

20  alone is inadequate. *Landers* makes clear that the plaintiff must additionally allege that

21  violations occurred for the specific week in which he worked over 40 hours. *See* 771

22  F.3d at 646 (requiring details about not being "paid overtime for *that* given workweek")

1    (emphasis added). Mr. Castillo does not provide sufficient factual assertions for the court

2    to make that connection. Instead, he establishes only that (1) in general, Equipment

3    Associates worked over the 40-hour limit; (2) they were not paid minimum wage for all

4    hours; and (3) they were not paid overtime for all hours. (*See* Compl. ¶¶ 5, 23.) From

5    only these general assertions, the court cannot reasonably infer that there was a week in

6    which all three conditions were present—that is, a week where an Equipment Associate

7    simultaneously worked over the 40-hour limit and was denied minimum wage and/or

8    overtime pay.[4] Without more, Mr. Castillo's claims raise only the possibility, and not the

9    plausibility, of under-compensation. *See Landers*, 771 F.3d at 646.

10         Mr. Castillo relies on several cases to argue that his assertions are sufficient.[5] The

11    court disagrees. The cases Mr. Castillo cites stand for the proposition that "a plaintiff

12    need not identify precisely the dates and times she worked overtime." *See Johnson*, 2016

13    WL 4658963, at *4; (*see* Resp. at 7.) But, as the court stated above, it does not need to

14    reach the question of whether a complaint must specifically identify dates and times.

15    And even the cases cited by Mr. Castillo agree that sufficient detail is needed to support a

16

17         [4] For similar reasons, Mr. Castillo's assertions regarding his unpaid meal periods do not
cure the insufficiency of his minimum wage and overtime claims. (*See* Resp. at 6.) Again, Mr.

18    Castillo offers general assertions that Equipment Associates were "routinely required to work
through rest and meal periods to assist customer and managers." (*See* Compl. ¶ 89.) These
general allegations do not establish that there was a given week in which, due to the unpaid meal

19    periods, Mr. Castillo or any of the plaintiffs were denied minimum wage or overtime pay to
which they were entitled. Therefore, the allegations are insufficient under *Landers*. *See* 771

20    F.3d at 646.

21         [5] The court agrees with United Rentals that several of the cases Mr. Castillo cites were
decided pre-*Landers* and thus shed no light on the sufficiency of pleadings after *Landers*

22    clarified the standard. (*See* Reply at 3; *see also* Resp. at 6-7.) Thus, the court considers only the
post-*Landers* cases cited by Mr. Castillo.

1   reasonable inference that the violations occurred in a given week.  *See, e.g.*, *Johnson*,

2   2016 WL 4658963, at *4.  For instance, in *Jones v. CertifiedSafety, Inc.*, a case that Mr.

3   Castillo relies heavily upon (*see* Resp. at 8-9), the complaint alleged that one plaintiff had

4   worked 12-hour shifts for up to 14 consecutive days and another had worked such shifts

5   for up to 21 consecutive days.  No. 3-17-cv-02229-RS, Dkt. # 39 ("Order on MTD") at 7

6   (N.D. Cal. Apr. 21, 2017).[6]  Mr. Castillo, as summarized above, does not include any

7   allegations of this kind.  Instead, his allegations state an indefinite number of hours

8   worked; an unspecified length of time for which Equipment Associates worked those

9   hours; and allegations that apply to all class members generally rather than to certain

10  plaintiffs specifically.  (*See* Compl. ¶¶ 5, 23.)

11      Nor does the unpublished Ninth Circuit case *Boon v. Canon Business Solutions,*

12  *Inc.*, 592 F. App'x 631 (9th Cir. 2015), support Mr. Castillo's argument.[7]  In *Boon*, the

13  district court had dismissed the complaint for omitting the amount of unpaid wages, the

14  number of hours worked for which wages were not received, and other estimations of

15  how much uncompensated time was spent, how often, and at what rate.  *Id.* at 632.  The

16  Ninth Circuit agreed with plaintiffs that *Landers* did not require detail to that level of

17  specificity regarding the number of overtime hours worked, and the detail provided in the

18  //

19

20      [6] The court takes judicial notice of the publicly filed court documents associated with this
action.  *See Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007)

21  (allowing the court to take judicial notice of matters of public record that are not subject to
reasonable dispute).

22      [7] The court recognizes that this is an unpublished case, which does not qualify as
precedent under the Ninth Circuit rules.  *See* 9th Cir. Fed. R. App. P. 36-3(a).

ORDER - 12

1    complaint was sufficient.  *Id.*  Here, the court does not fault Mr. Castillo for failing to

2    provide the approximations that the district court in *Boon* required.  Instead, Mr.

3    Castillo's complaint is inadequate because he does not allege the necessary "detail

4    regarding a given workweek when [he] worked in excess of forty hours and was not paid

5    overtime for that given workweek and/or was not paid minimum wages" that *Landers*

6    plainly requires.  *See* 771 F.3d at 646.  *Boon* does not alter that conclusion.

7        In summary, because Mr. Castillo does not provide the "sufficient detail" required

8    by *Landers*, *see* 771 F.3d at 645, the court must dismiss his minimum wage and overtime

9    claims under both federal and state law for failure to state a claim.  Accordingly, the court

10   grants United Rentals's motion to dismiss Mr. Castillo's first, second, and third claims.

11        2.  <u>Meal and Rest Break Claim</u>

12        Turning to Mr. Castillo's meal and rest break claim, the parties present the same

13   disagreement over the adequacy of the pleadings.  United Rentals maintains that Mr.

14   Castillo's claim must be dismissed because he "fails to specify any instance in which he

15   experienced any of the meal and rest period violations he alleges."  (MTD at 7.)  Mr.

16   Castillo reiterates that he "need only allege he worked sufficient hours to be entitled to a

17   meal or rest break, and that he was denied" such a break.  (Resp. at 13.)  Unlike his

18   minimum wage and overtime claims, Mr. Castillo has sufficiently pleaded factual

19   allegations from which the court can reasonably infer at least one instance where United

20   Rentals violated Washington law governing meal and rest breaks.

21        The Washington Administrative Code ("WAC") requires:

22   *//*

ORDER - 13

1
2
3
>  Employees shall be allowed a meal period of at least thirty minutes which
>  commences no less than two hours nor more than five hours from the
>  beginning of the shift. Meal periods shall be on the employer's time when
>  the employee is required by the employer to remain on duty on the premises
>  or at a prescribed work site in the interest of the employer.

4 Wash. Admin. Code § 296-126-092(1) (1999). These meal break requirements are

5 "stringently applied." *Jones*, No. 3:17-cv-02229-RS, Order on MTD at 8. "No intrusions

6 on [the] thirty-minute period are condoned or even acknowledged." *Alvarez v. IBP, Inc.*,

7 339 F.3d 894, 913 (9th Cir. 2003). In other words, under Washington law, "plaintiffs are

8 owed compensation for the full thirty-minute period where [the employer] has intruded

9 upon or infringed the mandatory thirty-minute term to any extent."[8] *Id.* at 914; *see also*

10 *Brady v. Autozone Stores, Inc.*, 397 P.3d 120, 124 (Wash. 2017).

11    As was the case with the minimum wage and overtime claims, district courts

12 post-*Landers* have disagreed on what level of specificity *Landers* requires. Some courts

13 look for the plaintiff to "plead at least one specific instance where he or she personally

14 experienced a missed meal or rest period." *Guerrero v. Halliburton Energy Servs., Inc.*,

15 No. 1:16-CV-1300-LJO-JLT, 2016 WL 6494296, at *6 (E.D. Cal. Nov. 2, 2016). Other

16 courts do not read *Landers* as requiring a particular date or instance, so long as the

17 complaint provides sufficient detail to support a reasonable inference that an employee

18
19
20
21
22
---
[8] United Rentals argues that the substantive requirements of Washington state law do not change the federal pleading standards set by *Landers*. (Reply at 6.) That, of course, is a correct statement of the law. However, that reality does not render the substantive requirements irrelevant here. The substantive law lays out the context in which the court determines the adequacy of the pleadings; in other words, the court must have an understanding of the substantive law to determine whether it can reasonably infer a violation of that law from the allegations pled. *See Clark v. EmCare, Inc.*, No. 2:16-cv-07503-ODW-JC, 2017 WL 1073342, at *3-4 (C.D. Cal. Mar. 21, 2017) (discussing the substantive requirements of California meal and rest break law to determine whether the complaint sufficiently stated a claim).

ORDER - 14

1    missed a meal break. *See Johnson*, 2016 WL 4658963, at *4. *Jones* recently analyzed

2    the sufficiency of pleadings under Washington law.[9] *See* No. 3:17-cv-02229-RS, Order

3    on MTD at 8. The plaintiff in that case alleged that she was "routinely required to work

4    through rest and meal periods" because she had to remain on call during breaks and keep

5    her radio with her at all times. *Id.* The court found that those allegations sufficiently

6    stated a claim for relief under WAC § 296-126-092. *Id.*

7        As in *Jones*, the court finds that Mr. Castillo has stated sufficient factual

8    allegations from which the court can reasonably infer that United Rentals violated the

9    "stringently applied" Washington law on at least one occasion. *See id.* Although Mr.

10    Castillo's claims recite some general language akin to his minimum wage and overtime

11    claims (*see* Compl. ¶ 89), the complaint also includes more factual allegations regarding

12    United Rentals's alleged violation of WAC § 296-126-092. For instance, Mr. Castillo

13    asserts that United Rentals would deduct 30 minutes per workday for meal periods or

14    alter the records to reflect a meal break. (*Id.* ¶ 24.) However, Mr. Castillo alleges that

15    employees are compelled to work through their breaks due to the demanding pace of the

16    work and the pressure from United Rentals to complete assignments. (*Id.*) Moreover,

17    like the plaintiff in *Jones*, Mr. Castillo asserts United Rentals has a policy that Equipment

18    Associates could not leave the store during breaks and instead, must remain on call to

19

20    _____

    [9] United Rentals argues that *Jones* did not apply the *Landers* standard to the plaintiff's
21    meal and rest break claims. (Reply at 7.) The court disagrees. While *Jones* did not explicitly
    cite *Landers* in the section on meal and rest break claims, *see* 3:17-cv-02229-RS, Order on MTD
    at 7-8, the court had addressed *Landers* and its requirements in the prior section, *see id.* at 6-7.
22    Thus, it is misleading to contend that the court did not consider *Landers* in its analysis of the
    meal and rest break claims.

1    assist customers. (*Id.* ¶ 27); *see Jones*, No. 3:17-cv-02229-RS, Order on MTD at 8. As a

2    result, any breaks employees take are often interrupted by customers or supervisors. (*Id.*

3    ¶ 26.) Despite these intrusions on breaks, Mr. Castillo asserts that none of this time was

4    compensated. (*Id.* ¶¶ 25, 27-28.)

5         Given that under Washington law, an employer may not intrude upon the

6    mandatory thirty-minute break to any extent without compensation, and drawing all

7    inferences in Mr. Castillo's favor, the court finds Mr. Castillo's factual content sufficient

8    to create a reasonable inference that United Rentals failed its meal break obligations on at

9    least one occasion. *See Clark*, 2017 WL 1073342, at *4 ("[A] complaint alleging that an

10   employee missed meal periods because the employer assigned an excessive amount of

11   work, valued productivity over taking breaks, or implemented policies to increase

12   productivity would be sufficient."). At this stage, these allegations are enough to raise "a

13   reasonable expectation that discovery will reveal" United Rentals's liability. *See*

14   *Twombly*, 550 U.S. at 556.

15        The court recognizes that, as United Rentals points out, some district courts

16   considering similar factual allegations have found them insufficient. *See Guerrero*, 2016

17   WL 6494296, at *5-6. However, those courts considered the adequacy of the pleadings

18   under California, not Washington, law. *See id.*; *see also* MTD at 7-8 (citing only

19   decisions analyzing California law). Washington law provides "greater protections for

20   workers": Whereas employers under California law need only offer employees a

21   "reasonable opportunity to take an uninterrupted 30-minute break, and . . . not impede or

22   discourage them from doing so," employers under Washington law must "provide meal

1    breaks and ensure that meal breaks are timely taken." *Brady*, 397 P.3d at 123-24; *see*

2    *Jones*, 3:17-cv-02229-RS, Order on MTD at 8 ("Washington's meal break requirements

3    are similar to California's but even more stringently applied."). Thus, it is entirely

4    possible that factual allegations that would give rise to a reasonable inference of liability

5    under Washington law would not do the same under California law.

6         In sum, the court finds Mr. Castillo sufficiently states a claim under WAC

7    § 296-126-092. Accordingly, the court denies United Rentals's motion to dismiss Mr.

8    Castillo's fourth claim.

9         3.  Unpaid Wages Upon Termination and Willful Refusal to Pay Wages Claims

10        Both parties agree that Mr. Castillo's fifth and sixth claims—unpaid wages upon

11   termination and willful refusal to pay wages (Compl. ¶¶ 92-102)—are derivative of Mr.

12   Castillo's first four claims. (*See* MTD at 8; Resp. at 13-14.) United Rentals's sole

13   argument regarding these claims rests on the insufficiency of Mr. Castillo's first four

14   claims. (MTD at 8.) Because the court finds that Mr. Castillo's meal and rest break

15   claim is sufficiently pleaded, the derivative claims survive as well. Accordingly, the

16   court denies United Rentals's motion to dismiss Mr. Castillo's fifth and sixth claims.

17        4.  CPA Claim

18        United Rentals make two arguments regarding Mr. Castillo's claim alleging a

19   violation of the CPA. First, as with the fifth and sixth claims, United Rentals contends

20   that the CPA claim is derivative of the first four claims and thus must be dismissed.

21   (MTD at 8.) As discussed above, the court rejects this argument because Mr. Castillo's

22   meal and rest break claim survives. *See supra* § III.B.3. Second, United Rentals argues

1    that the claim fails as a matter of law because Mr. Castillo has not adequately pleaded a

2    basis for a CPA violation.  (MTD at 8-10.)  On this argument, the court agrees and thus

3    dismisses Mr. Castillo's CPA claim.

4         The CPA prohibits "[u]nfair methods of competition and unfair or deceptive acts

5    or practices in the conduct of any trade or commerce."  RCW 19.86.020.  A CPA claim

6    involves:  "(1) unfair deceptive act[s] or practice[s]; (2) occurring in trade or commerce;

7    (3) public interest impact; (4) injury to plaintiff in his or her business or property; [and]

8    (5) causation."  *Klem v. Wash. Mut. Bank*, 295 P.3d 1179, 1185 (Wash. 2013).  An unfair

9    deceptive act or practice may be "a per se violation of statute, an act or practice that has

10   the capacity to deceive substantial portions of the public, or an unfair or deceptive act or

11   practice not regulated by statute but in violation of public interest."  *Id.* at 1187.  A

12   violation of the meal and rest break statute does not fall into any of the above categories.

13        First, Mr. Castillo's claim is not a per se violation.  Mr. Castillo argues that United

14   Rentals's alleged violation of wage and hour laws qualifies as a per se violation because

15   "a claim under the Washington CPA may be predicated upon a per se violation of *any*

16   statute." (Resp. at 16.)  The court disagrees.  The Washington Supreme Court has been

17   clear that a per se unfair trade practice "exists when a statute which has been declared by

18   the Legislature to constitute an unfair or deceptive act in trade or commerce has been

19   violated."  *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531,

20   535 (Wash. 1986).  For example, Chapter 18.39, governing embalming services,

21   designates that any violation "constitutes an unfair practice under [the CPA]."  RCW

22   18.39.350.  None of the wage and hour statutes at issue here include such a designation,

1  and the "Legislature, not this court, is the appropriate body to . . . declar[e] a statutory

2  violation to be a per se unfair trade practice." *Hangman*, 719 P.2d at 536.

3          Mr. Castillo does not dispute that the statutes at issue were not declared by the

4  Legislature to constitute an unfair or deceptive act in trade or commerce. (*See* Resp. at

5  14-17.)  Instead, he argues that the Washington Supreme Court in *Klem* rejected United

6  Rentals's argument altogether and posits that after *Klem*, "a claim under the Washington

7  CPA may be predicated upon a per se violation of *any* statute." (*Id.* at 16.)  Mr. Castillo

8  misreads *Klem*.  *Klem* discussed *Hangman*'s articulation of what constitutes an unfair or

9  deceptive act or practice and criticized courts for understanding "this language to

10  establish the exclusive ways the first two elements of a CPA claim can be established."

11  295 P.3d at 1186.  *Klem*, however, left in place *Hangman*'s definition of a per se

12  violation.  *See id.* at 1186-87.  Indeed, courts after *Klem* have continued to recognize a

13  per se violation only when "a statute that has been declared by the legislature to

14  constitute an unfair or deceptive act in trade or commerce has been violated."  *See*

15  *Merriman v. Am. Guarantee & Liab. Ins. Co.*, 396 P.3d 351, 367 (Wash. Ct. App. 2017)

16  (citing *Hangman*, 719 P.2d at 786).  Thus, the court rejects Mr. Castillo's argument that a

17  violation of any statute suffices.

18          Second, Mr. Castillo does not sufficiently plead that United Rentals's alleged

19  violations have the capacity to deceive substantial portions of the public.  To fall within

20  this category, the plaintiff must allege more than "merely the failure to comply with

21  Washington's wage laws, but rather the payment of wages at rates below what defendant

22  //

ORDER - 19

1   represented to plaintiff and the general public."[10]  *Aziz v. Knight Transp.*,

2   No. C12-0904RSL, 2012 WL 3596370, at *2 (W.D. Wash. Aug. 21, 2012); *see also*

3   *Kirkpatrick v. Ironwood Commc'ns Inc.*, No. C05-1428JLR, 2006 WL 2381797 at *12

4   (W.D. Wash. Aug. 16, 2006) (recognizing under-compensation below what a defendant

5   represented to a plaintiff and the general public as an unfair act).  Mr. Castillo pleads no

6   facts regarding what representations, if any, were made by United Rentals.  (*See* Compl.)

7   And in his briefing, Mr. Castillo generally asserts that "wage and hour violations

8   constitute an act or practice with the capacity to deceive substantial portions of the

9   public" but without providing legal support.  Indeed, the one case Mr. Castillo cites,

10  *Kirkpatrick*, featured solicitations made to the general public, not just wage and hour

11  violations alone.  2006 WL 2381797, at *12; (*see* Resp. at 17.)

12         Third, and lastly, Mr. Castillo's claim is not "an unfair or deceptive act or practice

13  not regulated by statute but in violation of public interest."  *Klem*, 295 P.3d at 1187.  Mr.

14  Castillo challenges practices that are regulated by statute.  *See* RCW 49.12.020; (*see*

15  Compl. ¶¶ 85-88.)  Thus, they plainly cannot fall within a category of practices "not

16  regulated by statute."  *See Klem*, 295 P.3d at 1187.  Mr. Castillo argues only that United

17  Rentals's conduct "constitutes an unfair and deceptive act and practice" and says nothing

18  //

19

20         [10] Mr. Castillo argues that *Aziz*'s holding is "expressly foreclosed by *Klem*."  (Resp. at 16
    n.7.)  Again, Mr. Castillo misreads *Klem*.  Although *Klem* noted that an act can be either unfair
21  or deceptive, that has no bearing on *Aziz*'s analysis of when an act related to wages has the
    capacity to deceive a substantial portion of the public.  In fact, *Aziz*'s discussion falls squarely in
22  line with *Klem*'s second category of unfair or deceptive acts or practices:  "an act or practice that
    has the capacity to deceive substantial portions of the public."  *See* 295 P.3d at 1187.

about whether that conduct is regulated by statute.  (*See* Resp. at 15.)  The court declines

to ignore *Klem*'s plain language.

Because Mr. Castillo has not adequately pleaded the circumstances for United

Rentals's alleged meal and rest break violations to form the basis for a CPA claim, the

court grants United Rentals's motion to dismiss Mr. Castillo's seventh claim.

**C.    Leave to Amend**

As a general rule, when a court grants a motion to dismiss, the court should

dismiss the complaint with leave to amend.  *See Eminence Capital, LLC v. Aspeon, Inc.*,

316 F.3d 1048, 1051-52 (9th Cir. 2003) (citing Fed. R. Civ. P. 15(a)).  The policy

favoring amendment is to be applied with "extreme liberality." *Id.* at 1051.  In

determining whether dismissal without leave to amend is appropriate, courts consider

such factors as undue delay, bad faith or dilatory motive on the part of the movant,

repeated failure to cure deficiencies by amendments previously allowed, undue prejudice

to the opposing party by virtue of allowance of the amendment, and futility of

amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Mr. Castillo requests leave to amend his complaint should the court grant United

Rentals's motion.  (Resp. at 17.)  The court agrees that leave is warranted.  There is no

evidence of undue delay, bad faith, or dilatory motive on Mr. Castillo's part, nor is there

any indication that United Rentals will suffer prejudice if the court permits amendment.

*See Foman*, 371 U.S. at 182.  Moreover, it is not clear that the deficiencies in the

complaint could not be cured by amendment.  *See id.*  Even the deficiencies in Mr.

Castillo's CPA claim, which United Rentals argues should be dismissed without

1  amendment (Reply at 10), could be cured if Mr. Castillo adequately pleads that United

2  Rentals made untrue representations regarding wages that had the capacity to mislead a

3  substantial portion of the public, *see Aziz*, 2012 WL 3596370, at \*2; *see supra* § III.B.4.

4  The court therefore grants Mr. Castillo leave to amend his minimum wage and overtime

5  claims and his CPA claim within 15 days of the entry of this order.  Mr. Castillo's leave

6  extends only to curing the deficiencies identified herein.

7                              **IV.    CONCLUSION**

8          For the foregoing reasons, the court GRANTS in part and DENIES in part United

9  Rentals's motion to dismiss Mr. Castillo's complaint (Dkt. # 16).  The court DISMISSES

10  Mr. Castillo's first, second, and third claims regarding minimum wage and overtime pay

11  violations under federal and state law.  The court further DISMISSES Mr. Castillo's

12  seventh claim alleging a violation of the CPA.  The court lastly DISMISSES Mr.

13  Castillo's requests for declaratory and injunctive relief.  The court GRANTS Mr. Castillo

14  leave to amend as stated herein within 15 days of the entry of this order.

15          Dated this 19th day of March, 2018.

16

17

18          JAMES L. ROBART
            United States District Judge

19

20

21

22

ORDER - 22