UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEAN POWELL, | CASE NO. C17-1573JLR |
| Plaintiff, | ORDER SCHEDULING ORAL ARGUMENT |
| v. | |
| UNITED RENTALS (NORTH AMERICA), INC., | |
| Defendant. | |

The court hereby SCHEDULES oral argument on Defendant United Rentals (North America), Inc.'s ("United Rentals") motion to compel arbitration for Wednesday, March 6, 2019, at 11:00 a.m. (Mot. (Dkt. # 62).) The court DIRECTS the parties to come prepared to discuss the following issues:

Is United Rentals' motion to compel arbitration properly before this court? The arbitration agreement at issue ("the Agreement") vests the courts of Fairfield County, Connecticut and the District of Connecticut with "exclusive jurisdiction" to determine

1  matters concerning "[t]he interpretation and enforcement of the terms" of the Agreement.

2  (Marzulla Decl. (Dkt. # 64) ¶ 4, Ex. A ("Agreement") § D.)  Plaintiff Sean Powell argues

3  that, in light of this clause, only a state or federal court in Connecticut may determine the

4  threshold issues of arbitrability the parties have put before this court.  (Resp. (Dkt. # 66)

5  at 1, 5-6.)  United Rentals disputes that argument on the ground that private parties

6  cannot deprive a court of subject matter jurisdiction over a controversy by means of a

7  choice-of-venue or forum selection clause.  (Reply (Dkt. # 68) at 2.)  The court is

8  satisfied that it has subject matter jurisdiction over the underlying action and statutory

9  authority under the Federal Arbitration Agreement ("FAA"), 9 U.S.C. § 1, *et seq.*, to

10  entertain United Rentals' motion to compel arbitration.  *See* 9 U.S.C. §§ 3, 4.  However,

11  the court seeks argument from the parties as to:  (1) the interaction, if any, between the

12  clause in the Agreement that vests courts in Connecticut with exclusive jurisdiction to

13  interpret and enforce the Agreement, on the one hand, and the Agreement's alleged

14  incorporation of the rules of the American Arbitration Association, which delegate

15  threshold issues of arbitrability to an arbitrator, on the other (*see* Agreement § D;

16  Simpson Decl. (Dkt. # 63) ¶ 5, Ex. B at 17); (2) whether the clause that vests courts in

17  Connecticut with exclusive jurisdiction to interpret and enforce the Agreement should be

18  treated as a forum selection clause; and (3) whether the parties have functionally "waived

19  any benefit" of that clause, as United Rentals suggests (*see* Reply at 3).

20      In addition, the court DIRECTS the parties to consider whether the following is

21  relevant to the court's adjudication of United Rentals' motion to compel arbitration:

22  Under the FAA, 9 U.S.C. § 4, a district court may order arbitration only within the

ORDER - 2

district in which the petition to compel arbitration was filed.  *See, e.g.*, *Lexington Ins. Co. v. Centex Homes*, 795 F. Supp. 2d 1084, 1091 (D. Haw. 2011) (citing *Cont'l Grain Co. v. Dant & Russell, Inc.* 118 F.2d 967, 968-69 (9th Cir. 1941)); *see also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lauer*, 49 F.3d 323, 327 (7th Cir. 1995) (noting that "the mandatory language [of 9 U.S.C. § 4] ties the location of arbitration to the district in which the motion to compel is brought").  Accordingly, under the FAA, the District of Connecticut could not compel arbitration according to the terms set forth in the Agreement, *i.e.*, that arbitration occur within 50 miles of the place where Mr. Powell last worked for United Rentals.  (*See* Agreement § D); 9 U.S.C. § 4.  Because the parties have not briefed this issue, the court asks the parties to come prepared to discuss its relevance, if any, to the court's decision on United Rentals' motion to compel arbitration.

Dated this 1st day of March, 2019.

The Honorable James L. Robart
U.S. District Court Judge

ORDER - 3