1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10  SEAN POWELL,                              CASE NO. C17-1573JLR

11              Plaintiff,                    ORDER

12       v.

13  UNITED RENTALS (NORTH
    AMERICA), INC.,

14              Defendant.

15

16   On March 6, 2019, the court held oral argument on Defendant United Rentals

17  (North America), Inc.'s ("United Rentals") motion to compel arbitration. (Mot. (Dkt.

18  # 62); *see also* 3/1/19 Order (Dkt. # 69).) During oral argument, the court raised the

19  possibility of transferring this matter to the United States District Court for the District of

20  Connecticut. The court raised this possibility in light of the clause in the arbitration

21  agreement at issue that grants that court, in addition to a Connecticut state court,

22  //

"exclusive jurisdiction" to "interpret[] and enforce[] . . . the terms" of the arbitration agreement.  (*See* Marzulla Decl. (Dkt. # 64) ¶ 4, Ex. A ("Agreement") § D.)

In the Ninth Circuit, a district court may raise *sua sponte* the issue of transfer as long as the affected parties are given an opportunity to be heard.  *See Lexington Ins. Co. v. Centex Homes*, 795 F. Supp. 2d 1084, 1090 (D. Haw. 2011) ("The court may transfer venue *sua sponte*, so long as the parties are first given an opportunity to present their views on the issue.") (citing *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986)).  In a supplemental brief submitted after oral argument, Mr. Powell argues that *sua sponte* transfer to the District of Connecticut would be improper under 28 U.S.C. § 1404(a). (*See* Pl. Supp. Br. (Dkt. # 71).)  United Rentals' supplemental brief addresses a different issue raised at oral argument but does not expressly discuss United Rentals' position on the appropriateness of transfer.  (*See* Def. Supp. Br. (Dkt. # 72).)  Accordingly, the court ORDERS United Rentals to file, no later than Friday, March 22, 2018, at 5:00 p.m., a second supplemental brief on the propriety of transfer to the District of Connecticut under 28 U.S.C. § 1404(a).  United Rentals need not repeat the arguments regarding waiver it made in its reply to Mr. Powell's response to its motion to compel arbitration and at oral

//

//

//

//

//

//

1 | argument.  (*See* Reply (Dkt. # 68) at 3.)  United Rentals shall limit its supplemental brief
2 | to no more than five pages.
3 |       Dated this 19th day of March, 2019.

*[signature]*

The Honorable James L. Robart
U.S. District Court Judge

ORDER - 3