UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SEAN POWELL, on behalf of himself and all others similarly situated,<br><br>   Plaintiff,<br><br>vs.<br><br>UNITED RENTALS (NORTH AMERICA), INC.,<br><br>Defendant. | Case No.: 3:19-cv-00599 (VAB)<br><br>Filed: October 23, 2017<br><br>Transferred: July 16, 2019<br><br>Judge: Victor A. Bolden |

**PLAINTIFF'S MOTION TO EXPEDITE DETERMINATION ON THE PARTIES' JOINT MOTION TO FOR SETTLEMENT AND DISMISSAL OF THE CASE, ECF NO. 108, OR IN THE ALTERNATIVE, REQUEST TO SET CASE MANAGEMENT DATE**

Plaintiff Sean Powell ("Plaintiff"), through his counsel, hereby requests that the Court to set a hearing date to expedite the determination on the Parties' Joint Motion for Settlement and Dismissal of the Case, ECF No. 108. In the alternative, Plaintiff requests that the Court set a case management conference on the earliest date at the Court's convenience.

### BACKGROUND

Plaintiff filed this class and collective action on October 23, 2017, alleging claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA) and Washington state law in the Western District of Washington against Defendant United Rentals (North America), Inc. ("Defendant"). ECF No. 1. On July 17, 2018, Plaintiff filed his Second Amended Complaint to substitute Plaintiff Ricardo Castillo ("Castillo") with Plaintiff Sean Powell as the named

1

representative. ECF No. 53. Although no longer a named representative, Mr. Castillo's individual claims remained as an opt-in Plaintiff. *See id.*

On November 6, 2018, Defendant filed a Motion to Compel Arbitration and to Dismiss. ECF No. 62. Among other things, Defendant's motion argued that, unlike Opt-In Plaintiff Castillo, Plaintiff Powell had signed an arbitration agreement (hereafter referred to as "Agreement"). On April 3, 2019, the Judge Robart of the Western District of Washington issued an order declining to rule on Defendant's motion, and *sua sponte* transferred the entire action to this Court. ECF No. 76. On July 16, 2019, Defendant filed a Motion to Stay the Case and Refer Plaintiffs' Claims to Individual Arbitration ("Motion to Stay"), which Plaintiff opposed. *See* ECF Nos. 92, 95, 102.

The Parties eventually settled the case and on February 12, 2020, the Parties filed a Joint Notice of Settlement of Individual Claims. ECF No. 108. Following a telephonic Status Conference held on March 2, 2020, the Court denied Defendant's Motion to Stay without prejudice to renewal in the event the case is not otherwise resolved. ECF No. 111.

The Parties finalized their settlement agreement and on June 23, 2020, the Parties submitted a Joint Motion for Settlement and Dismissal of the Case ("Joint Motion"). ECF No. 112. The Court has yet to rule on the Parties' Joint Motion and no case management conferences are currently scheduled to occur. *See generally*, Docket.[1]

\.\.\

\.\.\

---

[1] Prior to the filing of this Motion, Plaintiff requested that Defendant stipulate to the relief requested herein. Declaration of Michelle S. Lim, at ¶ 3. Although Defendant rejected Plaintiff's request, Defendant indicated that it would not oppose Plaintiff's request for such relief. *Id.*

## ARGUMENT

Under this Court's local rules, "[a] party may request expedited consideration by the Court of a motion by designating the motion as one seeking 'emergency' relief and demonstrating good cause in the motion." Local Rule 7(a)(6).

Good cause exists to support the granting of this Motion. The Parties' Joint Motion has remained under submission for approximately three months. Neither Party objects to the relief sought herein. As the Parties' Joint Motion remains pending, it is necessary to address the pending Joint Motion to avoid any delay, which would affect Plaintiff's right to litigate the matter otherwise.

For all the reasons stated above, Plaintiff respectfully requests that the Court grant his Motion and set a hearing date for the Parties' Joint Motion for Settlement and Dismissal of the Case or, in the alternative, order that a case management conference be set for the earliest date convenient to the Court.

Respectfully submitted,

Dated: October 2, 2020

SCHNEIDER WALLACE
COTTRELL KONECKY LLP

By: /s/ *Michelle S. Lim*
Michelle S. Lim
Attorneys for Plaintiffs, the Collective
and Putative Class

## **[PROPOSED] ORDER**

Having received and considered Plaintiff's Motion To Expedite Determination On The Parties' Joint Motion To For Settlement And Dismissal Of The Case, ECF No. 108, Or In The Alternative, Request To Set Case Management Date, and based on the papers on file and argument of counsel, the Court hereby GRANTS Plaintiff's Motion.

The Court accordingly sets a hearing date for the Parties' Joint Motion for Settlement and Dismissal of the Case and/or a Case Management Conference, to be remotely held on _____, 2020.

IT IS SO ORDERED.

Dated: October _____, 2020

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2020, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ John J. Nestico*
John J. Nestico, ct 102718
2000 Powell Street, Suite 1400
Emeryville, CA  94608
Phone: (415) 421-7100
Fax: (415) 421-7105
Email:  jnestico@schneiderwallace.com